IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| TERRY WHIGHAM | § | |
| v. | § | CIVIL ACTION NO. 5:09-CV-133 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER ADOPTING REPORT AND
RECOMMENDATION OF UNITED STATES
MAGISTRATE JUDGE

The Report and Recommendation of the Magistrate Judge, which contains her findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The Report and Recommendation recommends that the decision of the Commissioner be affirmed and the complaint be dismissed. Plaintiff has filed written objections (docket entry #22, the Amended Objections).

Having made a *de novo* review of the Amended Objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. Plaintiff contends several points in his objections, some of which tend to repeat his original arguments-in-chief without further discussion.

Plaintiff first reiterates many of the diagnoses reflected in his medical evidence of record, appearing to assert that he suffers from a combination of impairments. Amended Objections at 1-2. However, he has not provided any argument to develop an issue with regard to a combination of impairments.

Plaintiff next observes that the Administrative Law Judge (ALJ) assessed his residual functional capacity (RFC) as being able to perform sedentary and light work. *Id*. at 2. In fact, the capacity to perform sedentary work is included in the ability to perform work at the light level. *See*

20 C.F.R. §§ 404.1567(b), 416.967(b). He then discusses at length the requirements an ALJ must meet in making an RFC assessment. *See* Amended Objections at 2-5. He also points out certain testimony he provided during the administrative hearing. *Id*. at 5. Ultimately, in this portion of his objections, Plaintiff appears to assert that the ALJ improperly relied on the Medical-Vocational Guidelines (the "Grids") of 20 C.F.R. Part 404, Subpart P, Appendix 2, when making his determination that Plaintiff is not disabled with reference to his RFC, age, education and experience. *Id*. at 6-7. However, the ALJ did not rely on the Grids in making his decision; instead, he obtained the testimony of a vocational expert during the administrative hearing. As the Magistrate Judge observed, the ALJ is entitled to rely on a vocational expert's unchallenged testimony. *Hernandez v. Astrue*, 278 Fed. Appx. 333, 339 (5th Cir. 2008). Moreover, Plaintiff argues only on the application of the Grids to a person limited to *sedentary* work. Amended Objections at 6. As noted above, the ALJ found Plaintiff capable of performing work at the *light* level. Therefore, even if the ALJ had relied on the Grids, a younger individual, such as Plaintiff, with limited education and the ability to communicate in English and either unskilled, semi-skilled or skilled prior work would be considered "not disabled" under Medical-Vocational Guidelines 202.17, 202.18 and 202.19.

Third, Plaintiff points out the two-step process an ALJ must follow in making a credibility determination. *See Salgado v. Astrue*, 271 Fed. Appx. 456, 458-59 (5th Cir. 2008) (citing Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *1 (1996)). Instead of arguing the credibility finding, however, he simply recites the ALJ's summary of his subjective testimony from the administrative hearing. Amended Objections at 7-8. The Court notes that in a separate part of his objections, Plaintiff does briefly contend that the ALJ discredited his subjective testimony "because of no recent treatment," but contends that a claimant's inability to afford prescribed treatment cannot be used to find his testimony is not credible. *See* Amended Objections at 13 (apparently a reference to Plaintiff's testimony that he could only afford Ibuprofen and another, unidentified medication for

2

pain relief, *see* Tr. at 37). However, as the ALJ pointed out in the passage Plaintiff quoted, he found no evidence of recent treatment that was unavailable due to financial constraints and Plaintiff's pain symptoms apparently were amenable to the over-the-counter medications. *See* Amended Objections at 13 (quoting Tr. at 15). Furthermore, even the lengthy passage that Plaintiff quoted clearly illustrates that there is more than adequate objective medical evidence to support the ALJ's credibility determination. *Wren v. Sullivan*, 925 F.2d 123, 128-29 (5th Cir. 1991); *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir.1989) (subjective testimony must be corroborated by objective medical evidence).

Notwithstanding Plaintiff's later additional argument, above, he again acknowledges that the ALJ found him capable of working at the light and sedentary level. Amended Objections at 8. However, he then argues that sedentary work "usually requires standing or walking, off and on, for a total approximately six hours out of an eight-hour workday." *Id*. (citing 20 C.F.R. §§ 404.1567(b) and 416.967(b)). Plaintiff has apparently confused the requirements of sedentary and light work; the regulations to which he refers are those governing the higher level requirements of light work, not sedentary. He goes on to cite a Seventh Circuit case, *Allen v. Sullivan*, 977 F.2d 385, 389 (7th Cir. 1992) for the proposition that "sedentary work generally requires a capacity to stand and walk for six hours in an eight-hour workday." Amended Objections at 9. However, *Allen* actually discusses *light* work, not *sedentary*. *Allen*, 977 F.2d at 389 ("Since frequent lifting or carrying requires being on one's feet up to two-thirds of a workday, the full range of *light* work requires standing or walking, off and on, for a total of approximately 6 hours of an 8 hour workday[,]" quoting SSR83-10 (emphasis added)). The upshot of his argument appears to be that his subjective testimony is that he cannot stand and/or walk to meet this standard. Nonetheless, even if he was referring to the proper standards for both sedentary and light work, he has not rebutted the ALJ's credibility analysis discrediting his subjective testimony.

3

Next, Plaintiff briefly recites the standards for meeting or equaling a Listing from 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* Amended Objections at 10-11. However, he again does not address any specific argument as to any of his own impairments that could equal a Listing, or even identify any specific Listing at all.

Plaintiff next contends that some of the categories of jobs that the vocational expert identified exceed the limitation of "light" work. Amended Objections at 13 (asserting some "assembler" jobs require medium level work). That may be true; however, the vocational expert testified that "[t]here are *some* assembly jobs that could be done," and estimated approximately 30,000 in Texas and 600,000 nationally. Tr. at 51. A review of the various "assembler" jobs listed in the Dictionary of Occupational Titles (DOT) reveals assembler jobs that only require light level work. *See*, *e.g.*, Assembler, DOT code no. 369.687-010, 1991 WL 673070 (G.P.O.). Furthermore, the vocational expert also testified that Plaintiff could perform work as a security guard or a grader/sorter at the light work level. Tr. at 50-51.

Finally, Plaintiff again asks that his case be remanded for consideration of the new evidence he submitted to this Court in a supplemental brief after the Administration's final decision in his case. Amended Objections at 14-16. However, the Magistrate Judge discussed this point in her Report and Recommendation. Other than asserting the "unfairness" of having to submit a new application, Plaintiff has not made any cogent argument why the Magistrate Judge is incorrect. He contends that *Higginbotham v. Barnhart*, 405 F.3d 322, 335 (5th Cir. 2005) requires the Court to consider "new evidence" that is part of the Commissioner's "final decision." That is true, but in *Higginbotham*, the Fifth Circuit determined that such new evidence is part of the Commissioner's final decision when it is submitted in the first instance to the Appeals Council after the ALJ completed his decision. *See id*. at 337. Here, Plaintiff never submitted his new evidence to the Appeals Council. He simply briefed it to this Court for the first time, after the Commissioner's

decision had been made final. Therefore, it is not a part of the Commissioner's "final decision" subject to consideration by this Court.

Having made a *de novo* review, the court finds that Plaintiff's Amended Objections are without merit and will be overruled. There is substantial evidence in the record supporting the Commissioner's decision. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court.

In light of the foregoing, it is

**ORDERED** that Plaintiff's Amended Objections (docket entry #22) are hereby **OVERRULED**. It is further

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and the complaint is hereby **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.

**It is SO ORDERED.**

**SIGNED this 2nd day of May, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE